**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: | ) CHAPTER 11 |
| | ) |
| AEGIS MORTGAGE CORPORATION, | ) Case No. 07-11119 (BLS) |
| et al., | ) |
| Debtors. | ) (Jointly Administered) |
| _____ | ) |
| | ) |
| MICHAEL A. SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adversary No. 08-50237 |
| | ) |
| AEGIS MORTGAGE CORPORATION, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## <u>OPINION</u>[1]

Before the Court is a motion (the "Motion") [Docket No. 16] to
dismiss the complaint (the "Complaint") [Docket No. 1] of Michael
A. Scott ("Scott" or the "Plaintiff"). Aegis Mortgage Corporation
and Aegis Funding Corporation (collectively, the "Debtors") filed
the Motion, arguing that (I) the Court lacks subject-matter
jurisdiction to grant the declaratory and injunctive relief sought
by Scott and (ii) it is procedurally improper for Scott to commence
an adversary proceeding to recover damages alleged to have arisen
from the Debtors' pre-petition conduct. For the following reasons,
the Court will grant the Debtors' Motion to dismiss the Complaint.

_____

[1]      This Opinion constitutes the findings of fact and
conclusions of law of the Court pursuant to Federal Rule of
Bankruptcy Procedure 7052.

# I.  BACKGROUND

## A.  Factual Background

On January 20, 2006, the Debtors loaned the Plaintiff $251,000.  To secure this loan, the Plaintiff granted the Debtors a mortgage (the "Mortgage") on his residence in Virginia Beach, Virginia (the "Property").  According to the Debtors' records, the Debtors then sold the Mortgage to DLJ Mortgage Capital Inc. ("DLJ") on May 1, 2006 (the "Sale Date") as one of many properties included in a secondary market sale of pooled mortgages.

On August 13, 2007 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "Code").  The Plaintiff has timely filed two proofs of claim against the Debtors' estates: (I) a proof of claim asserting a $300,000 secured claim and seeking the rescission of the Mortgage based on Truth in Lending Act ("TILA") violations, and (ii) a proof of claim asserting an unsecured claim of $5,000 for TILA and Real Estate Settlement Procedures Act ("RESPA") violations.  The Debtors have not objected to these claims.

On January 25, 2008, the Plaintiff filed the Complaint thereby commencing this adversary proceeding.  In the Complaint, the Plaintiff brings a number of federal and state law claims against the Debtors in connection with their issuing and servicing of the Mortgage.  The Plaintiff generally requests relief in the form of

(i) rescission or cancellation of the Mortgage, and (ii) money damages.

On January 31, 2008, the Plaintiff filed an emergency motion (the "Emergency PI Motion"), through which he sought the immediate entry of an order enjoining the Debtors from taking any steps to enforce the Mortgage until this Court could determine the appropriateness of the relief requested in the Complaint. The Debtors responded that the Mortgage did not constitute property of their estates because they had sold their interest in it prior to the Petition Date. In support of this assertion, they offered the declaration (the "Sutton Declaration") of Andrew Sutton ("Sutton"), who serves as counsel for the Debtors and is familiar with the Debtors' record keeping systems. In the Sutton Declaration, Sutton states that the Debtors' records indicate the Debtors sold the Mortgage to DLJ on the Sale Date and did not thereafter service or otherwise manage the Mortgage. The Debtors therefore questioned whether the Court had jurisdiction to determine matters related to both the Mortgage and the Property.

On February 5, 2008, the Court held a hearing to consider the Emergency PI Motion. At the hearing, the Court found that, based on the Sutton Declaration, "this Debtor transferred property from itself to a third party purchaser before the bankruptcy, and accordingly the mortgage, the loan, the note, and any related rights and responsibilities were not part of this Debtors' estate

under § 541 of the Bankruptcy Code." (Feb. 5 2008 H'rg Tr. at 10:13-17) [Docket No. 13]. Based on this finding, the Court held that it lacked jurisdiction over the subject-matter of the Emergency PI Motion.

**B.** **Procedural Background and the Parties' Positions**

On February 25, 2008, the Debtors filed the Motion and a supporting brief (the "Debtors' Brief") [Docket No. 17]. In the Debtors' Brief, the Debtors argue that neither the Property nor the Mortgage are property of the Debtors' estates because the Debtors sold the Mortgage to a third party prior to the Petition Date. They reason, therefore, that the Court lacks subject-matter jurisdiction to adjudicate the requested relief and that the Court should dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), which Federal Rule of Bankruptcy Procedure 7012(b) makes applicable to adversary proceedings.

On March 7, 2008, the Plaintiff filed a brief (the "Plaintiff's Response") [Docket No. 19] in opposition to the Motion. In the Plaintiff's Response, the Plaintiff argues that TILA provides for rescission of the Mortgage regardless of whether the Debtors have an interest in it.

On March 14, 2008, the Debtors filed a reply (the "Debtors' Reply") [Docket No. 22] to the Plaintiff's Response. In their Reply, the Debtors argue that the Court's prior ruling regarding the Debtors' sale of the Mortgage constitutes the law of the case

4

and, accordingly, the Court lacks subject-matter jurisdiction over the Complaint, which concerns non-estate property. In addition, the Debtors assert that the Court should not entertain the Plaintiff's request for money damages thereby elevating his proofs of claim to adversary proceeding status. The Debtors contend that any rights the Plaintiff may have to relief would be preserved even after dismissal of the Complaint through consideration of the proofs of claim already filed by the Plaintiff.

The parties have not requested oral argument. The matter, however, has been fully briefed and is ripe for decision.

## II.  DISCUSSION

There are two issues before the Court: (I) whether a bankruptcy court has the subject-matter jurisdiction rescind a mortgage or, in the alternative, issue a declaration as to the rights of parties under that mortgage when the evidence shows that the entry of such relief would have no effect on the debtor's estate, and (ii) whether a claimant, who has already filed a proof of claim in a bankruptcy case, can institute an adversary proceeding seeking money damages on the same basis as his or her claim when the debtor has not objected to that claim.

## A.  Rescission of the Mortgage and Related Declaratory Judgment

1. *Standard of Review for a Motion to Dismiss Based on Lack of Subject-Matter Jurisdiction.*

Federal Rule of Bankruptcy Procedure 7012(b) makes Federal Rule of Civil Procedure 12(b)-(h) applicable in adversary proceedings. FED. R. BANKR. P. 7012(b). Rule 12(b)(1) allows a defendant to bring a motion to dismiss a complaint for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). The Court is then required by Rule 12(h)(3) to dismiss the complaint if it determines that it lacks subject-matter jurisdiction. FED. R. CIV. P. 12(h)(3).

In contrast to the standard that applies when evaluating a motion to dismiss premised on Rule 12(b)(6) for failure to state a claim, the plaintiff has the burden of "showing by a preponderance of the evidence that subject matter jurisdiction exists." Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003) (citation omitted); see Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (stating that the burden of persuasion rests with the plaintiff "[w]hen subject matter jurisdiction is challenged under Rule 12(b)(1)"). A court "may not presume the truthfulness of plaintiff's allegations, but rather must evaluate for itself the merits of the jurisdictional claims." Hedges, 404 F.3d at 750 (quotation omitted). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). "[T]he trial court

6

is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. A court may conduct this factual inquiry "at any stage of the proceedings, from the time the answer has been served until after the trial has been completed." Id. at 891-92.

    2.   *The Evidence Before the Court Indicates the Mortgage is not Property of the Debtors' Estates.*

The Plaintiff admits that the Debtors sold the Mortgage. (Plaintiff's Br. at 5.) He has, however, presented no evidence that would indicate when the sale occurred. (Plaintiff's Br. at 5.) On the other hand, the Debtors have produced the declaration of an individual familiar with the Debtors' record keeping system, stating under penalty of perjury that the Debtors sold the Mortgage to DLJ on the Sale Date. (Sutton Dec. at 1-2.) The Court finds this evidence credible and sufficient to conclude that the Debtors did in fact sell the Mortgage on the Sale Date and well before the Petition Date.

Section 541(a)(1) of the Code provides that property of the estate includes "all legal or equitable interests of the debtor in property <u>as of the commencement of the case</u>." 11 U.S.C. § 541(a)(1) (emphasis added). Among other things, this includes "[p]roperty in which the debtor holds . . . only legal title and not an equitable interest, such as mortgage secured by real property . . . sold by the debtor but as to which the debtor

7

retains legal title to service or supervise the servicing of such mortgage . . . ." 11 U.S.C. § 541(d). The sale of the Mortgage left the Debtors without any interest in the Mortgage as of the commencement of the Debtors' case. Thus, while the Mortgage would have been property of the Debtors' estates if the Debtor had not sold it to DLJ prior to the Petition Date, it never became so.

   3.   *The Court Lacks the Subject-Matter Jurisdiction to Rescind the Mortgage or Otherwise Declare the Rights of Parties under It.*

The basic statutory grant of bankruptcy court subject-matter jurisdiction is contained in 28 U.S.C. § 1334. Section 1334 provides the district court with "original and exclusive jurisdiction of all cases under title 11." <u>28 U.S.C. § 1334(a)</u>. The district court has original but not exclusive jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." <u>28 U.S.C. § 1334(b)</u>. Therefore, bankruptcy court jurisdiction fundamentally extends to four types of title 11 matters: "(1) cases under title 11, (2) proceeding[s] arising under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11." <u>Binder v. Price Waterhouse & Co., LLP, (In re Resorts Int'l., Inc.)</u>, 372 F.3d 154, 162 (3d Cir. 2004) (internal citations omitted). As to the first category, this adversary proceeding is not a case under title 11. In this case, the Plaintiff asserts that the Court possesses "arising in," "arising under," and

"related to" jurisdiction sufficient to allow it to grant rescission of the mortgage and issue a declaration as to rights under the mortgage.  The Court respectfully disagrees.

First, the Court does not have "arising in" jurisdiction. "Arising in" jurisdiction provides a bankruptcy court with jurisdiction over proceedings which "have no existence outside of the bankruptcy."  Stoe v. Flaherty, 436 F.3d 209, 216 (3d Cir. 2006) (quoting United States Trustee v. Gryphon at the Stone Mansion, Inc., 166 F.3d 552, 556 (3d Cir. 1999)).  "Arising in" proceedings are not based on a right created by the Bankruptcy Code; they are proceedings that can exist only in the context of a bankruptcy case.  This category is illustrated by such things as "allowance and disallowance of claims, orders in respect to obtaining credit, determining the dischargeability of debts, discharges, confirmation of plans, orders permitting the assumption or rejection of contracts . . . ."  Id. at 218 (internal citations omitted).

The claims advanced by the Plaintiff do have an existence outside of bankruptcy.  The Plaintiff alleges that the Debtors' actions in relation to the Mortgage violated TILA, RESPA, and Virginia state law.  These claims can be, and often are, brought by non-debtor entities against other non-debtor entities in non-bankruptcy fora.

Second, the Court does not have "arising under" jurisdiction here. "Bankruptcy 'arising under' jurisdiction is analogous to 28 U.S.C. § 1331, which provides for original jurisdiction in district courts 'of all civil actions arising under the Constitution, laws, or treaties of the United States.'" Stoe, 436 F.3d at 216. "'Arising under' proceedings are matters invoking a substantive right created by the Bankruptcy Code." In re Toledo, 170 F.3d 1340, 1345 (11th Cir. 1999). Thus, "'arising under title 11' includes causes of action expressly authorized by the Bankruptcy Code, e.g., proceedings to recover a fraudulent transfer or an unauthorized post-petition transfer, or an action to avoid a preference." Sklar v. Munyon (In re Family Theatre, LLC), 2006 WL 3327317, *3 (Bankr. D.N.J. Nov. 14, 2006).

As stated previously, the Plaintiff alleges that the Debtors' actions in relation to the Mortgage violated TILA, RESPA, and Virginia state law. The rights to bring these claims are not substantive rights created by the Code. Rather, they are rights created by non-bankruptcy federal law and Virginia state law. Therefore, the Court does not have "arising under" jurisdiction over the claims.

Third and finally, the Court does not have "related to" jurisdiction sufficient to rescind the Mortgage or issue a declaration as to rights of various parties under the Mortgage. "Related to" jurisdiction is the most expansive type of bankruptcy

10

court jurisdiction. "Bankruptcy Courts have ['related to'] jurisdiction to hear a proceeding if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." In re Resorts Int'l, Inc., 372 F.3d 154, 164 (3rd Cir. 2004). The Third Circuit set forth in Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984), the seminal test for "related to" bankruptcy court jurisdiction. Id. at 164. Under Pacor, for a proceeding to be "related to":

> [It] need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate. The Supreme Court has explained that the critical component of the Pacor test is that "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor."

Id. (internal citations omitted).

In this case, relief requested by the Plaintiff in regard to the Mortgage would have no effect on the Debtors estates. The Mortgage's rescission will not harm the Debtors' estates because the estates have no interest in it. In addition, a declaration as to the rights of parties under the Mortgage will not alter the Debtors' rights, liabilities, options, or freedom of action because the Debtors are no longer a party to it. The Court recognizes that there may be cases where an action against a non-debtor or a non-debtor's property may have an effect on a debtor's estate. This

11

case, however, is not one of them.  Accordingly, the Complaint is dismissed for lack of subject-matter jurisdiction to the extent that it seeks injunctive relief in relation to the Mortgage.

**B.    <u>Scott's Request for Money Damages</u>**

Scott also seeks an award of money damages against the Debtors for alleged violations of TILA and RESPA.  As discussed below, Scott has filed proofs of claim on account of these claims.

All disputes within a bankruptcy case are either adversary proceedings or contested matters.  <u>Nantucket Investors II v. California Federal Bank (In re Indian Palms Associates)</u>, 61 F.3d 197, 204 n.11 (3d Cir. 1995).  "Adversary proceedings are governed by more formal rules of procedure than contested matters and must be instituted by the filing of a complaint."  <u>Id.</u>  Chapter VII of the Bankruptcy Rules makes many of the Federal Rules of Civil Procedure applicable in adversary proceedings and "these proceedings are thus conducted much like ordinary civil litigation."  <u>Id.</u>  Contested matters "are generally initiated by motion and do not require a responsive pleading" unless the bankruptcy court directs otherwise.  <u>Id.</u>  "Only certain of the rules governing adversary proceedings apply to the resolution of contested matters and the court may direct that these rules will not apply in the litigation of a particular contested matter or that other rules will apply.  The procedures governing contested matters are thus less formal."  <u>Id.</u>

12

Federal Rule of Bankruptcy Procedure 7001 contains an exclusive list of ten types of proceedings which are classified as adversary proceedings. Fed. R. Bankr. P. 7001; see In re Johns-Manville Corp., 53 B.R. 346, 352-355 (Bankr. S.D.N.Y. 1985). Specifically, Rule 7001 provides that an adversary proceeding is:

> (1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002;

> (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d);

> (3) a proceeding to obtain approval under § 363(h) for the sale of both the interest of the estate and of a co-owner in property;

> (4) a proceeding to object to or revoke a discharge;

> (5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;

> (6) a proceeding to determine the dischargeability of a debt;

> (7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

> (8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;

> (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or

> (10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. § 1452.

13

Fed. R. Bankr. P. 7001.    A claim for damages arising from pre-petition conduct does not fall within one of these ten categories. In re Drexel Burnham Lambert Group, Inc., 148 B.R. 993, 998 (S.D.N.Y. 1992).

A claim is generally any secured or unsecured right to payment arising in law or equity.    11 U.S.C. § 101(5).    A creditor may assert a pre-petition claim by filing a proof of claim.    11 U.S.C. § 501;    Thinking Machs. Corp. v. New Mexico Taxation and Revenue Dept., 211 B.R. 426, 429 n.2 (D. Mass. 1997).    In addition, in a case under Chapter 11 of the Code, "[a]ll unsecured creditors must file a proof of claim for their interest to be allowed when that claim is not scheduled by the debtor or if the claim is scheduled by the debtor as disputed, contingent or unliquidated." In re Wire Rope Corp. of Am., Inc., 300 B.R. 1, 8 (Bankr. W.D. Mo. 2003).    A proof of claim is deemed allowed unless a party in interest objects in a timely fashion.    11 U.S.C. § 502(a).    Pursuant to 11 U.S.C. § 502(b), if a party makes such an objection, the court must determine the allowed amount of the contested claim after notice and a hearing.    11 U.S.C. § 502(b).    "An objection to a claim under 11 U.S.C. § 502(b) is not an adversary proceeding as defined in Bankruptcy Rule 7001, but is a contested matter within the meaning of Bankruptcy Rule 9014." In re Neptune World Wide Moving, Inc., 111 B.R. 457, 463 (Bankr. S.D.N.Y. 1990).

14

In this case, Scott seeks money damages from the Debtors' estates based on alleged pre-petition conduct.  Scott has properly filed two proofs of claim to recover these damages.  No party in interest has yet objected to Scott's proofs of claim.  Thus, there is no dispute presently before the Court regarding Scott's claim for money damages.  If no party in interest objects to Scott's claims, his claim will be allowed and he will be entitled to recover from the Debtors' estates as appropriate.  If, however, a party in interest objects to the allowance of Scott's claims, that proceeding will be adjudicated as a contested matter under Rule 9014 because a proceeding to recover damages arising from pre-petition conduct does not fall within one the ten categories constituting adversary proceedings listed in Rule 7001.  At bottom, Scott cannot seek to enforce this claim for money damages through an adversary proceeding because the relief he seeks is not of a type enumerated in Rule 7001.  The Court therefore will dismiss the Complaint as it relates to recovery of money damages on account of a pre-petition claim against the Debtor.

### III.  CONCLUSION

For the foregoing reasons, the Court concludes that it lacks subject-matter jurisdiction over Scott's claims which seek rescission or nullification of the Mortgage.  Scott's claims which seek money damages from the Debtors based on alleged pre-petition conduct are properly enforced by filing proofs of claim, and not by

15

an adversary proceeding.    Accordingly, the Court will dismiss
Scott's Complaint as it relates to the Debtors.    The proofs of
claim already filed by Scott, however, remain pending and the Court
has jurisdiction to either allow or disallow them should a party in
interest object.    The Court would entertain a request to set a
deadline by which the Debtors or any other party in interest must
file and objection to Scott's claims.

    An appropriate Order follows.

    By the Court,

Dated: May 22, 2008           Brendan Linehan Shannon
           United States Bankruptcy Judge

16